O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
term 34-36

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8669 PSG (AJWx) | Date | May 20, 2010 |
|---|---|---|---|
| Title | Francisco Ortiz v. Indymac Bank, F.S.B. *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** (In Chambers) Order REMANDING Case to State Court

On October 27, 2009, Plaintiff Francisco Ortiz ("Plaintiff") filed this action in Los Angeles County Superior Court against the following defendants: IndyMac Bank, F.S.B.; Chicago Title Insurance Co.; IndyMac Mortgage Services; MTC Financial Inc. doing business as Trustee Corps, erroneously sued as Trustee Corps ("MTC Financial"); and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants").[1]  Plaintiff's claims are based on allegations that in making a home loan to Plaintiff, Defendants unlawfully failed to disclose material information relating to, among other things, the applicable interest rate on the loan.

On November 24, 2009, Defendant MTC Financial removed the case to this Court on federal question grounds. The Notice of Removal noted that Plaintiff's complaint included claims arising under the federal Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"). *Notice of Removal* 2:5-7.

---

[1] On December 31, 2009, Defendant Chicago Title Insurance Co. filed a declaration of non-monetary status pursuant to Cal. Civ. Code § 2924 l. *See* Dkt # 15. As no party filed an objection to that declaration within the fifteen-day period provided for by the statute, Defendant Chicago Title Insurance Co. is no longer required to participate in the action. *See* Cal. Civ. Code § 2924 l (c), (d). On February 24, 2010, the Court granted Defendant MTC Financial's motion to dismiss Plaintiff's complaint and, accordingly, dismissed all claims against MTC Financial with prejudice. *See* Dkt # 22.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
term 34-36

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8669 PSG (AJWx) | Date | May 20, 2010 |
|---|---|---|---|
| Title | Francisco Ortiz v. Indymac Bank, F.S.B. *et al.* | | |

On December 22, 2009, Plaintiff filed a motion to remand this case to state court, arguing, *inter alia*, that the complaint asserted only state law claims. The Court denied Plaintiff's motion on February 24, 2010. The Court's order noted that Plaintiff's complaint included claims arising under the FDCPA and RESPA. *See 2/24/2010 Order* (Dkt # 22) 4.

On March 30, 2010, Plaintiff filed a First Amended Complaint ("FAC"). Plaintiff's previous FDCPA and RESPA claims do not appear in the FAC.[2] In fact, the Court observes that Plaintiff no longer asserts any claims arising under federal law.[3] Accordingly, the Court REMANDS this action to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Cooper v. Wash. Mut. Bank,* 2003 U.S. Dist. LEXIS 4559, *5 (N.D. Cal. Mar. 19, 2003) (Walker, J.) ("If the court's lack of subject matter

---

[2]Though it may be a clerical error, the FAC purports to incorporate by reference virtually all of Plaintiff's initial complaint. *See, e.g., FAC* ¶ 86. This procedure violates the fundamental principles governing amended pleadings. *See Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990) ("[A]n amended pleading supersedes the original."); *Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Consequently, the Court deems the FAC's purported incorporation of the original complaint to have no effect.

[3]In opposing Plaintiff's motion to remand, MTC Financial argued that, in addition to the FDCPA and RESPA claims, Plaintiff's first and second causes of action under Cal. Bus. & Prof. Code § 17200 supported federal question jurisdiction because they alleged violations of the federal Truth in Lending Act ("TILA"), the FDCPA, and RESPA. *See Opp. to Motion to Remand* 5:28. The Court notes that all such allegations have been eliminated from the FAC, *see FAC* ¶¶ 19-34, with the exception of an allegation that Defendant Indymac Bank violated one of TILA's implementing regulations, *see FAC* ¶ 28.b. That allegation, however, will not support federal question jurisdiction here, as Plaintiff's § 17200 claim is based on numerous other independent, state-law theories. *See Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories–one of which is a state law theory and one of which is a federal law theory–federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); *California v. H&R Block, Inc.,* 2006 U.S. Dist. LEXIS 69472, *9-12 (N.D. Cal. Sept. 18, 2006) (explaining that § 17200 claim alleging TILA violation did not "arise under" federal law).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**
**term 34-36**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8669 PSG (AJWx) | Date | May 20, 2010 |
|---|---|---|---|
| Title | Francisco Ortiz v. Indymac Bank, F.S.B. *et al.* | | |

jurisdiction over an action is clear and unarguable, as here, the court may remand without further briefing or argument from the parties.").

**IT IS SO ORDERED.**